# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| QUINTEL TECHNOLOGY LTD., § <br> § <br> v. § Civil Action No. 4:15-CV-00307 <br> § Judge Mazzant <br> HUAWEI TECHNOLOGIES USA, INC., § <br> FUTUREWEI TECHNOLOGIES, INC., § <br> HUAWEI TECHNOLOGIES CO., LTD., § <br> and ZHENGXIANG MA § | |

## ORDER

On January 30, 2018, the Court issued a Memorandum Opinion and Order ("the Order") (Dkt. #257) granting in part Defendants' Motion to Exclude Expert Testimony of Michael Jensen and Professor Stephen Magee (Dkt. #195). In pertinent part, the Court declined to exclude Stephen Magee's ("Magee") unjust enrichment damage model (Dkt. #257 at pp. 12–14). However, in a footnote, the Court limited the use of such damage model. Specifically, the Court made the following statement:

> Pursuant to the Court's Order Adopting Report and Recommendation of the United States Magistrate Judge (Dkt. #239), the Court dismissed Plaintiff's unjust enrichment claim as it relates to all Defendants except Zhengxiang Ma. As such, Magee's testimony concerning his Unjust Enrichment damage model is permissible only as it pertains to Ma.

(Dkt. #257 at p. 14 n.1). On February 2, 2018, Plaintiff Quintel Technology Ltd. filed a Motion for Clarification of the Court's January 30, 2018 Order (Dkt. #265). In its motion, Plaintiff takes issue with the footnote mention above. Specifically, Plaintiff makes the following argument:

> The Court's observation in the footnote pertains to Quintel's unjust enrichment *claim* – which was indeed dismissed as to all defendants except Ma on the basis that it was foreclosed by Quintel's breach of contract claim . . . . But Quintel also seeks unjust enrichment *damages*, which remain available to Quintel as a means of recovery on its trade secret misappropriation and fraud claims.

(Dkt. #265 at p. 2) (emphasis in original). Stated differently, Plaintiff argues that although the Court dismissed its unjust enrichment claim against all Defendants, except Ma, the remedy of unjust enrichment is nevertheless appropriate as to Plaintiff's misappropriation of trade secrets and fraud claims.

On February 16, 2018, Defendants filed their response (Dkt. #276). In opposition to Plaintiff's motion, Defendants aver that clarification is unnecessary. However, in the event that the Court does clarify its Order, Defendants concede that unjust enrichment is a remedy for misappropriation of trade secrets, but argue that such remedy not available because Plaintiff "cannot show that any unjust enrichment has been caused by the alleged misappropriation." (Dkt. #276 at p. 3). Further, Defendants contend that unjust enrichment damages are not an available remedy for a fraud claim. The Court addresses whether unjust enrichment damages are available as to Plaintiff's misappropriation claim followed by Plaintiff's fraud claim.

Defendants concede that unjust enrichment is a remedy for misappropriation of trade secrets. Despite this concession, Defendants, by attacking the plausibility and merits of Plaintiff's misappropriation claim, argue that such a remedy is unavailable. The Court is unpersuaded by such arguments and therefore finds that Magee's unjust enrichment damage model may be considered in relation to Plaintiff's misappropriation of trade secrets claim against all Defendants.

Regarding Plaintiff's fraud claim, "'Texas recognizes two measures of direct damages for common-law fraud: the out-of-pocket measure and the benefit-of-the bargain measure.'" *Zorrilla v. Aypco Construction II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 49 (Tex. 1998)). "The former 'derive[s] from a restitutionary theory' while the latter 'derive[s] from an expectancy theory.'" *Id.* (quoting *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007)). "Out-of-pocket damages

are measured by the difference between the value expended versus the value received, thus allowing the injured party to recover based on the actual injury suffered." *Id.* (citing *Formosa Plastics*, 960 S.W.2d at 49). "Benefit-of-the bargain damages are measured by the difference between the value as represented and the value received, allowing the injured party to recover profits that would have been made had the bargain been performed as promised." *Id.* (citing *Formosa Plastics*, 960 S.W.2d at 49–50).

As such, the Court finds that the law does not permit Plaintiff to recover damages measured by unjust enrichment for its fraud claim. Instead, Plaintiff may only recover damages measured by either the out-of-pocket measure or the benefit-of-the bargain measure. Accordingly, Magee is prohibited from considering his unjust enrichment damage model in relation to Plaintiff's claim for fraud.

It is therefore **ORDERED** that Plaintiff's Motion for Clarification of the Court's January 30, 2018 Order (Dkt. #265) is hereby **GRANTED in part.** As such, Magee's unjust enrichment damage model may only be considered in connection with Plaintiff's misappropriation of trade secrets claim against all defendants and Plaintiff's unjust enrichment claim against Ma.

**SIGNED this 27th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE