# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| QUINTEL TECHNOLOGY LTD., | § | |
| | § | |
| | § | Civil Action No. 4:15-CV-00307 |
| v. | § | Judge Mazzant |
| | § | |
| HUAWEI TECHNOLOGIES USA, INC., | § | |
| FUTUREWEI TECHNOLOGIES, INC., | § | |
| HUAWEI TECHNOLOGIES CO., LTD., | § | |
| and ZHENGXIANG MA | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Emergency Motion to Exclude Evidence or Argument (Dkt. #285). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

Plaintiff Quintel Technology Ltd. brought this case alleging breach of a non-disclosure agreement, misappropriation of trade secrets, fraud, correction of patent inventorship, and other claims against four related defendants (collectively "Defendants"): (i) Huawei Technologies USA, Inc., a company based in Plano, Texas; (ii) FutureWei Technologies, Inc., a company based in Plano, Texas; (iii) Huawei Technologies Co., Ltd., a China-based entity; and (iv) Zhengxiang Ma, the Principal Engineer for Radio Frequency Technologies at FutureWei Technologies, Inc. and the named inventor of U.S. Patent No. 8,891,647 B2 (*See* Dkt. #20).

On August 15, 2017, Quintel filed a supplemental Rule 7.1 Corporate Disclosure Statement notifying Defendants and Magistrate Judge Craven that Cirtek Delaware, a subsidiary of Cirtek Electronics International ("Cirtek"), acquired Quintel (Dkt. #118). As a result, on September 7, 2017, Defendants filed a Motion to Compel seeking documents and information

related to Plaintiff's acquisition (Dkt. #128). On October 3, 2017, Magistrate Judge Craven issued an order granting Defendants' motion to compel in part (the "October 3rd Order") (Dkt. #137). Specifically, Magistrate Judge Craven ordered Plaintiff to produce the Master Supply Agreement ("MSA") entered into between Quintel and Cirtek on November 4, 2015 (Dkt. #137). Magistrate Judge Craven denied all other relief requested by Defendants, to which Defendants filed objections (Dkt. #144).[1]

On October 30, 2017, Defendants filed a Motion for Reconsideration (Dkt. #154), which Magistrate Judge Craven treated as a motion for rehearing as opposed to a motion for reconsideration. In their motion, Defendants requested that Magistrate Judge Craven reconsider her partial denial of Defendants' motion to compel based on "newly discovered evidence" from the MSA Defendants received as a result of the October 3rd Order (Dkt. #154). On November 22, 2017, Magistrate Judge Craven issued an order reopening discovery for the production a specific category of documents (the "November 22nd Order") (Dkt. #179). As a result of the November 22nd Order, on or before December 18, 2017, Plaintiff produced 100,000 pages of documents (Dkt. #232, Exhibit 10).

On January 11, 2018, Defendants filed an Emergency Motion to Enforce Compliance with the Court's November 22 Order and to Compel (Dkt. #232). On January 23, 2018, Magistrate Judge Craven issued an Order granting as modified Defendants' Emergency Motion to Enforce Compliance (Dkt. #250). In her order, Magistrate Judge Craven ordered Plaintiff to produce certain documents and to make Robert Fishback ("Fishback"), Plaintiff's Chief Financial Officer, available for deposition (Dkt. #250). On January 26, 2018, Plaintiff filed Emergency Objections to Magistrate Judge's January 23, 2018 Order (Dkt. #253). On February 2, 2018, the Court

_____

[1] On January 23, 2018, the Court overruled Defendants' objections (Dkt. #249).

overruled Plaintiff's objections (Dkt. #263). Subsequent to the Court overruling Plaintiff's objections, Plaintiff provided Defendants with five additional documents. *See* (Dkt. #285, Exhibits 3–7). Additionally, Plaintiff made Fishback available for deposition on February 14, 2018.

Defendants contend that Plaintiff's subsequent production and deposition of Fishback "make clear that Quintel has withheld and continues to withhold extensive materials relevant to the valuation of Quintel, its PUT technology, and the SONWav product at issue in this litigation." (Dkt. #285 at p. 2). As a result, on February 27, 2018, Defendants filed their Emergency Motion to Exclude Evidence or Argument (Dkt. #285). On February 28, 2018, the Court issued an Order requiring any response to Defendants' motion be filed no later than 5:00 p.m. on March 7, 2018 (Dkt. #286). On March 7, 2018, Plaintiff filed its response (Dkt. #289).

## ANALYSIS

Defendants claim that despite numerous court orders requiring Plaintiff to produce certain information and documents, Plaintiff continues to withhold extensive relevant materials. Specifically, Defendants argue that Plaintiff continues to withhold at least five categories of material financial documents, including: (1) data room documents which cover valuations of Plaintiff as part of the acquisition process that led to the Cirtek purchase; (2) Cirtek documents possessed by Jojo Dispo, Plaintiff's current Chief Executive Officer, and any other internal Cirtek documents relating to the value of Quintel, SONWav, or PUT; (3) documents originating from Stifel—Plaintiff's investment banker, reflecting a valuation of Plaintiff as part of the acquisition process that led to the Cirtek purchase; (4) raw Quintel forecasting data originating from any other source that reflects that valuation of Plaintiff as part of Cirtek's acquisition; and (5) post-August 2017 SONWav sales projections. As a result, Defendants request the Court preclude Plaintiff from

using at trial or otherwise referring to "financial documents and information that have not been timely produced in this case." (Dkt. #285 at p. 2). Moreover, Defendants contend that "Quintel's witnesses should not be permitted to make reference to any valuation or forecasting document that has not been produced during the course of this litigation." (Dkt. #285 at pp. 11–12).

Plaintiff responds that it "has no intention of using at trial any specific financial documents that have not been produced in the case, but Quintel's witnesses cannot be limited in their ability to refer to 'financial information.'" (Dkt. #289 at p. 1). In other words, Plaintiff agrees to an order prohibiting the use of unproduced documents or information, but opposes an order preventing witnesses from making reference to such documents or information.

The Court finds that an order prohibiting each party from both using and referencing documents and information not previously produced is appropriate. Pursuant to the Court's Order Governing Proceedings, a party that fails to timely disclose all documents and information relevant to their claims and defenses[2] is prohibited from using such evidence at trial (Dkt. #15 at p. 4). As such, the Court finds that neither party may use or refer to any document or information not previously produced in this case.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Emergency Motion to Exclude Evidence or Argument (Dkt. #285) is hereby **GRANTED**.

---

[2] The Local Rules for the Eastern District clarify that a piece of information is relevant to a party's claim or defense if it is information that (1) would not support the disclosing parties' contentions; (2) includes those persons who might reasonably be expected to be deposed or called as a witness; (3) is likely to influence or affect the outcome of a claim or defense; (4) deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (5) reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense. LOCAL RULE CV–26(d).

**SIGNED this 9th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE